IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JP MORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-00126-CG-M |
| | ) | |
| AIG BAKER ORANGE BEACH WHARF, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL ORDER APPROVING SALE OF RECEIVERSHIP PROPERTY**

On September 22, 2011, Receiver Gregory T. Maloney, solely in his capacity as Receiver for the property of AIG Baker Orange Beach Wharf, L.L.C. ("the Receiver"), filed a motion requesting that the Court approve the Receiver's private sale of the defendant's property commonly known as the retail portion of the Wharf ("the Property").  Plaintiff and defendant are in agreement with the motion.

Having considered the Receiver's motion, as well as previous pleadings filed by the parties, and consistent with the court's order dated April 11, 2011, the court finds that it is in the best interests of the receivership estate to approve the proposed sale.  Accordingly,

IT IS HEREBY ORDERED that the court approves the sale of the receivership property to Charter Landing, Inc. for the price of $10,500,000, pursuant to the terms of the purchase and sale agreement entered into between the Receiver and Charter Landing, Inc., effective September 13,

2011 ("the Purchase and Sale Agreement").  It is further ORDERED that the Receiver is authorized immediately to take all actions necessary to effectuate and close under the Purchase and Sale Agreement.

In the event the Receiver shall be unavailable to execute documents in connection with the sale approved hereby, the Receiver is authorized to designate one or more individuals ("Designees") employed by the Receiver's agent, Jones Lang LaSalle Americas, Inc., acting either separately or jointly, to execute any and all agreements, deeds, instruments, or other documents required in connection with the consummation of the subject sale or in furtherance thereof.  A duly executed and acknowledged designation by the Receiver for such purposes shall be conclusive evidence of the due authority of his Designees.

It is further found by the court, and so ordered, that the defendant AIG Baker Orange Beach Wharf, LLC is a third party beneficiary, with all attendant rights thereto, of certain provisions of the Purchase and Sale Agreement intended for its benefit which are, specifically, Section 5.2(a) (including defendant as a "Seller Party"), Section 11.1(g) (pertaining to disclaimers and Buyer's assumption of existing obligations), 11.1(h) (pertaining to release of defendant) and 11.1(i) (pertaining to indemnification of defendant) (collectively the "Defendant Benefits"), and it is further ordered that no amendments or changes to the Purchase and Sale Agreement shall be made which adversely affect the Defendant Benefits without the defendant's

consent or as approved by the court following due notice to and opportunity for objection by the defendant thereto.

It is further ordered that all the duties of the Receiver are hereby terminated upon the closing of the Contract of Sale, except that the Receiver shall have the limited power through and including January 6, 2012, to wind up the receivership estate and pay any outstanding operating expenses, invoices, and bills.  The provisions contained in paragraphs (v) through (ix) of the court's April 11, 2011 order appointing the receiver shall remain in effect during that time.  Upon the delivery to the Plaintiff by the Receiver, on or before January 6, 2012, of the remaining net proceeds over and above the outstanding operating expenses, invoices, and bills of the Receivership, the Receiver shall be discharged from any further duties, obligations and liabilities whatsoever.  The Receiver shall prepare a final reporting to be filed with the undersigned by January 6, 2012.

**DONE** and **ORDERED** this 22nd day of September, 2011.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE